DISCIPLINARY PROCEEDING
Ji_PER CURIAM *.
Respondent was convicted in federal court of one count of conspiracy to convert to one’s own use securities of a pension fund in violation of 18 U.S.C. § 371. On February 5, 1993, this court ordered an interim suspension. Thereafter, respondent was formally charged with violation of Rules 8.4(b) and (c) of the Louisiana Rules of Professional Conduct.
Gulfport Steamship Company — International Longshoreman’s Association Pension Fund agreed to pledge one million dollars in certificates of deposit to secure a loan from the Louisiana Imports and Exports Trust Authority (LIETA). Allegedly, the loan was for a business owned by Charles Sykes and operated by Eugene Sykes, a lifelong friend of respondent’s. Actually, the loan was a means of misappropriating pension money to secure loans for Eugene’s various business ventures. A loan was not obtained from LIETA. Eugene and Charles appropriated the pension fund money to secure loans from federally insured banks. In connection with the loan application, respondent falsely signed a resolution stating that he was the secretary and treasurer of Charles’ business, that Eugene had authority to borrow the money on behalf of the corporation, and that the board of directors had formally approved the bank loan. The business ventures were unsuccessful and Eugene and his companies defaulted on the loans. Criminal proceedings were instituted against the Sykes brothers, several union officials, administrators of the pension fund, and respondent.
A review of the record reveals that respondent’s involvement in the criminal activity was [ 2peripheral. Respondent did not formulate the plan; rather, he was a lesser player. Nonetheless, respondent was convicted of conspiracy as a result of actions in helping his friends appropriate the pension fund’s certificates of deposit to finance their various business ventures.
Respondent’s actions constitute “professional misconduct” under Rule 8.4. The hearing committee recommended a twelve month suspension. Disciplinary counsel recommended a thirty month suspension to the disciplinary board. The disciplinary board recommended a thirty six month suspension.
Upon review of the record of the disciplinary board’s findings and recommendations, and considering the record filed herein, it is the decision of the court that Lynn E. Williams be suspended from the practice of law for thirty months. A harsher penalty is not warranted because of the existence of several mitigating factors, including respondent’s cooperative attitude, respondent’s pri- or excellent reputation, an absence of any prior disciplinary record, and the imposition of harsh criminal penalties.
Accordingly, it is ordered that Lynn E. Williams be suspended from the practice of law for a period of thirty months, said suspension effective from February 5,1993. All costs of this proceeding are assessed to respondent.

Lemmon, J. not on panel. Rule IV, Part II, § 3.